UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPERATING ENGINEERING' PENSION TRUST FUND; F.G. CROSTHWAITE and RUSSELL E. BURNS, as Trustees,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TERRASEARCH, a California Corporation, 3 MAK, LLC, a California Limited Liability Company, TERRASEARCH GULF, a California partnership, SIMON MAKDESSI, as an individual, and ISSAM MAKDISSY, as an individual, and DOES 1-20,<br><br>    Defendants. | Case No:  C 10-04964 SBA<br><br>**ORDER DENYING REQUEST TO MODIFY TRIAL DATE**<br><br>Docket 96 |

On November 10, 2010, Plaintiffs Operating Engineers' Pension Trust Fund and its trustees, F.G. Crosthwaite and Russell E. Burns, commenced the instant action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001-1461, against Defendants Terrasearch and 3 Mak LLC.  On May 31, 2012, Plaintiffs, upon stipulation of the parties, filed an Amended Complaint joining Simon Makdessi and Issam Makdissy as Defendants. Pursuant to the Court's scheduling order entered on February 22, 2012, fact discovery is scheduled to close on January 29, 2013.  Dkt. 73, 74.  A two-day bench trial is set for May 20, 2013.  Id.

On February 6, 2013, the parties submitted a stipulated request to modify the Court's pretrial schedule.  Dkt. 96.  Among other things, the parties seek to enlarge the fact discovery cut off by approximately seven months, from January 29, 2013, to August 20, 2013, and to continue the trial date from May 20, 2013, to November 18, 2013.  The parties

1  contend that they require additional time to prepare their respective cases due to discovery-
2  related issues that have recently arisen as to Defendants Makdessi and Makdissy.
3         Federal Rule of Civil Procedure 16 provides that deadlines established in a case
4  management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4).
5  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the
6  party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609
7  (9th Cir. 1992) (citation omitted).  Thus, "Rule 16(b)'s 'good cause' standard primarily
8  considers the diligence of the party seeking the amendment." Id.; see also Coleman v.
9  Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  "If the party seeking the
10 modification 'was not diligent, the inquiry should end' and the motion to modify should not
11 be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting
12 Johnson, 975 F.2d at 609).
13        The record demonstrates that the parties have had ample opportunity to conduct
14 discovery and prepare their respective cases for trial, and that their purported need for
15 additional time is attributable to their own lack of diligence.  This action has been pending
16 for over two years since its filing on November 10, 2010.  At the time Defendants Makdessi
17 and Makdissy were joined in this action (by stipulation) on May 31, 2012, Dkt. 79, the
18 parties were well aware of the pretrial schedule entered by the Court on February 22, 2012.
19 Dkt. 73, 74.  As such, it was incumbent upon the parties to commence discovery as
20 expeditiously as possible.  Yet, Plaintiffs waited until August and September 2012 before
21 serving Makdessi and Makdissy with any discovery requests.  Worse yet, these Defendants
22 waited until December 2012 and January 2013 before serving any discovery requests on
23 Plaintiffs.  Thus, based on the record presented, the Court is persuaded that the basis for the
24 instant request to continue the pretrial schedule and trial date in this action is due to the
25 parties' lack of diligence.[1]  Accordingly,

---

[1] The parties, of course, remain free to stipulate to the jurisdiction of a Magistrate Judge of this Court, in which case the matter would be reassigned and scheduled in accordance with that judge's practices and availability.

1 | IT IS HEREBY ORDERED THAT the parties' stipulated request to modify the trial
2 | date is DENIED. This Order terminates Docket 96.
3 |     IT IS SO ORDERED.
4 | Dated: 2/8/13

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 3 -