UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; F.G. CROSTHWAITE and RUSSELL E. BURNS, as Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>TERRASEARCH, a California Corporation, 3 MAK, LLC, a California Limited Liability Company, TERRASEARCH GULF, a California partnership, SIMON MAKDESSI, as an individual, and ISSAM MAKDISSY, as an individual, and DOES 1-20,<br><br>Defendants. | Case No: C 10-04964 SBA<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO EXTEND DISCOVERY CUT-OFF DEADLINES**<br><br>Dkt. 106 |

The parties are presently before the Court on Plaintiffs' Ex Parte Application to Extend Law and Motion Cut-Off Deadlines. Dkt. 106. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the application for the reasons set forth below.

On February 27, 2012, the Court issued its Order for Pretrial Preparation, which, inter alia, set March 26, 2013, as the last day to hear motions. See Order for Pretrial Preparation at 1-2, Dkt. 74. Almost a year later on February 6, 2013, the parties submitted a stipulated request to modify the Court's pretrial schedule by continuing the trial date and extending all pretrial deadlines, including the law and motion cut-off date. Dkt. 96. On

February 8, 2013, the Court denied the request, finding that the parties have not been diligent in meeting the deadlines set in the Court's Order for Pretrial Preparation. See Order Denying Request to Modify Trial Date at 2, Dkt. 96.

On March 1, 2013, Plaintiffs filed a motion for summary judgment. Dkt. 99. Given that the law and motion cut off is March 26, 2013, coupled with the 35-day notice period required for motions, Civ. L.R. 7-2(a), Plaintiffs' motion cannot be heard unless the Court modifies its Order for Pretrial Preparation. To that end, Plaintiffs have accompanied their summary judgment motion with an ex parte application to extend the law and motion cut-off date. Dkt. 106. Defendants oppose Plaintiff's ex parte request. Dkt. 110.

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Plaintiff's current ex parte application to extend the law and motion cut-off date is, in essence, a motion for reconsideration of the Court's February 8th Order. However, before filing a motion for reconsideration, the movant must first seek leave to do so under Civil Local Rule 7-9. Plaintiffs have not complied with this requirement and the instant motion otherwise fails to make the requisite showing under Local Rule 7-9. The Court may summarily deny motions that are not filed in compliance with the Court's local rules. See Tri-Valley CAREs v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

1     Setting aside Civil Local Rule 7-9 and the Court's prior ruling, Plaintiffs have not otherwise made any showing of good cause in their ex parte application.  Instead, Plaintiffs merely state that Defendants refused to stipulate to their requested extension.  Pls.' Ex Parte Application at 1.  Given Plaintiffs' failure to demonstrate good cause, as required by Rule 16, their request to extend the law and motion cut off is not well taken.  Accordingly,

    IT IS HEREBY ORDERED THAT Plaintiffs' Ex Parte Application to Extend Law and Motion Cut-Off Deadlines is DENIED.  This Order terminates Docket 99, 106 and 107.

    IT IS SO ORDERED.

Dated:  March 11, 2013

    _____
    SAUNDRA BROWN ARMSTRONG
    United States District Judge